# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. BONTY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 08-652-MJR |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner Michael D. Bonty, an inmate in the United States Penitentiary located in Inez Kentucky (USP-Big Sandy) brings this *pro se* "Petition for writ of *audita querela*" challenging his sentence. For administrative purposes, the Clerk of Court opened this case as one arising under 28 U.S.C. § 2241 and Petitioner has paid a $5 filing fee.

This case is now before the Court for a preliminary review of the petition. *See Rowe v. Shake,* 196 F.3d 778, 781 (7th Cir. 1999) (court's power to dismiss a case *sua sponte* "at any time" for failure to state a claim extends to all suits, brought by prisoners and non-prisoners alike, paid and unpaid). After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief and the petition must be dismissed.

### BACKGROUND

Petitioner was convicted, after a jury trial, of transporting a minor in interstate commerce with intent to engage in criminal sexual activity, attempting to intimidate a juvenile witness, and being a felon in possession of a firearm. *See United States v. Bonty,* No. 3:02-cr-30116-MJR (S.D.

Ill.); *United States v. Bonty*, 383 F.3d 575 (7th Cir. 2004). Petitioner was sentenced to a total of 660 months in prison. *United States v. Bonty*, 3:02-cr-30116-MJR (S.D. Ill., Judgment entered Aug. 19, 2003). Petitioner's convictions were affirmed on direct appeal. *United States v. Bonty*, 383 F.3d 575, 577 (7th Cir. 2004). Petitioner sought, but was denied, a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *Bonty v. United States*, 3:05-cv-797-MJR (S.D. Ill., Order dismissing case entered July 18, 2006). Petitioner also sought, but was denied, a certificate of appealability. *Bonty v. United States*, 3:05-cv-797-MJR (S.D. Ill., Order entered Oct. 12, 2006); *Bonty v. United States*, No. 06-3754 (7th Cir., Order dated March 16, 2007).

## **DISCUSSION**

In this petition, Bonty challenges the validity of his sentence which he argues "is now unconstitutional, based on the Supreme Court's ruling in the case of United States v. Booker, 543 U.S. 220." Petitioner seems to recognize that his claim cannot be brought in a second or successive § 2255 action. Instead, Petitioner argues that the common law writ of *audita querela* can be used to "plug a gap in the system of federal postconviction remedies." Petitioner contends that such a gap exists because he claims his sentence is unconstitutional under *United States v. Booker,* 543 U.S.. 220 (2005), yet *Booker* was not made retroactive to cases on collateral review. The Court, however, does not agree that a "gap" in the system of federal post-conviction remedies exists with respect to *Booker*.

*Booker* does not apply retroactively to criminal cases - including Petitioner's case - that became final before *Booker* was decided. *See United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2008). Because *Booker* does not apply at all to Petitioner's sentences, Petitioner's sentences are not unconstitutional under *Booker*. That *Booker* is not applicable to Petitioner's case does not create

a "gap" that would permit a writ of *audita querela*. *See United States v. Richter*, 510 F.3d 103, 104 (2d Cir. 2007)("*Booker* does not apply retroactively to cases on collateral review. There is, therefore, no colorable claim of a constitutional violation, and hence, the absence of other avenues of collateral attack does not give rise to serious constitutional questions. As a result, a writ of *audita querela* does not lie.") (citations omitted); *Carrington v. United States* 503 F.3d 888, 890 (9th Cir. 2007) (holding that petitioners may not obtain re-sentencing based on *Booker* by collaterally attacking their sentences through a petition for a writ of *audita querela*); *United States v. Watford*, 2009 WL 112572, at *2 ((N.D. Ind., Jan. 15, 2009) (holding that petitioner could not utilize a writ of *audita querela* because § 2255 was not inadequate to assert *Booker* claim even though *Booker* is not retroactively applicable); *McNair v. United States*, 2008 WL 3874604, at *3 (N.D. Ind., Aug. 15, 2008) (holding that the petitioner was foreclosed from pressing for a re-sentencing based on *Booker*, regardless of the fact that he sought a writ of *audiat querela* rather than captioning his petition as a motion for relief under § 2255); *Black v. United States*, 2007 WL 1810516, at *1 (N.D. Ill., June19, 2007) (holding that petitioner cannot use writ of *audita querela* to obtain retroactive application of *Booker* to his criminal case).

## DISPOSITION

In summary, the instant action for a writ of *audita querela* does not survive preliminary review. Accordingly, this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED this 24th day of February, 2009.**

                **s/ Michael J. Reagan**
                **MICHAEL J. REAGAN**
                **United States District Judge**